Staples, J.,
delivered the opinion of the court.
The county court of Mecklenburg, by its decree of the July term, 1870, directed among others, “an account to be taken by one of its commissioners” of the real and personal estate owned jointly by James Bowers and Sanford Bowers, at the death of Sanford Bowers. At the date of that decree, Mr. William Baskerville, Jr., was one of the commissioners of the court, and as such settled one of the accounts specified in the decree. With respect to the matter of that account, it is proper to say there was no serious contention between the parties. But when he came to take the account of the joint estate *of Sanford and James Bowers, which was the real subject of controversy, the defendant objected to Mr. Baskerville’s acting as commissioner, upon the ground that “he had been the active counsel of complainants in the; suit; the bill, the amended bill and answer of one of the defendants in sympathy with the complainants, being wholly in his hand-writing, and he being marked as counsel in said bill, and there being two other commissioners in chancery of the court, who were then acting as such.” In support of this objection, the defendants filed the affidavits of their counsel, Messrs. Finch and Cogbill, in which it was stated that both of these gentlemen had had frequent conversations with Mr. Baskerville in regard to the final issue of the cause, and in nearly every one of them he had expressed himself as “confident of success; that he had taken more interest in this suit than in any other case that ever came into his office since his connection with it-;” and that these observations were not made jocularly, but seriously and gravely, as men talk who mean what they say.
On the other hand, Mr. Baskerville’s affidavit was taken, in which he states that he was only a nominal partner in the late law firm of Chambers, Goode & Baskerville, receiving for his services a fixed salary, in no way dependent upon the income of the firm; that he wrote the bill, amended bill and answer under the dictation of the senior member of the firm; that his agency in the suit was limited to getting up the names of the parties, and the visiting one of the witnesses, C. D. Gregory, with a view of reporting his testimony to his senior partners, and to, looking up the records. He further states that the remarks made by him to the. opposing counsel were of a playful character, without any intelligent knowledge of the facts or the law points involved, and that he had no fixed opinion as to the ultimate result *of the trial, so as in any way to bias him in discharging his duty faithfully and impartially as a-commissioner.
The statement of Colonel Goode, another member of the same firm, is substantially the same as that of Mr. Baskerville, and need not be repeated, here.
Upon these exceptions and affidavits the whole matter was referred to the county court; and that court being of opinion there was no good reason why said commissioner should not take said accounts, overruled said exceptions. And thereupon Mr. -Baskerville proceeded to take the account and the deposition of witnesses, and having completed the same, returned them to court. The defendants then renewed their exception to the commissioner, and they filed other exceptions going to the merits of the account, not necessary-now to be mentioned.
The cause having been removed to the circuit court of Mecklenburg, and coming on to be heard at the May term, 1874, that court overruled all the exceptions, confirmed the report, and entered a decree in favor of the complainants. From that decree the defendants appealed to this court. In their petition for an appeal, and .in their argument here, they have reiterated their exceptions to the commissioner. This court must, therefore, meet and decide the question at the threshold.
That the office of commissioner in chancery is one of the most important known in the administration of justice will be universally conceded. His duties are of a grave and responsible nature; he is the assistant to the chancellor. There is no question of law or equity, or of disputed fact, which he may not have to decide, or respecting which he' may not be called upon to report his opinion to the court. According to the practice of many courts he never reports the evidence, but only his conclusion. Adam’s Equity, 385, note; 2 Barb. Ch. Prac., 549. He *is confronted with the witnesses; he sees their deportment, their manner of testifying, their capacity for recalling and accurately detailing past occurrences, whereas the court, which only sees the testimony on paper, is denied the opportunity of applying these obvious tests of accuracy and fidelity. When, therefore, a question of fact is referred to a commissioner, depending upon the testimony of witnesses conflicting in their statements and differing in their recollection, the court must, of necessity, adopt his report, unless in a case of palpable error or mistake. Izard v. Bodine, 1 Stock. Ch. R. 310, 662.
Every lawyer familiar with the chancery practice perfectly understands how much depends upon the manner in which the depositions are taken. Not unfrequently the change of a phrase, or even a word, give’s an effect to the answer of the witness never contemplated by him. Therefore it is that depositions have been suppressed when the answers are written by the attor *579 ney of the party offering the deposition. 2 Tucker’s Com.
In the nature of things the commissioner must often examine the witnesses in the absence of counsel, and it is easy to see how frequent are the opportunities afforded him of perverting the meaning of the witness, if so inclined; and whether he is so inclined or not, the danger of his doing it, if he is interested. In the manner of taking the accounts, in the minute and complicated calculations to be made, and in the 'conclusions arrived at, a commissioner may easily perpetrate the grossest injustice without detection, unless- by counsel and courts thoroughly conversant with such subjects. These considerations and numerous others which might be mentioned, show how essential it is that the commissioner should not only be absolutely impartial, but even free from the suspicion of partiality. That the attorney of one of the parties to a suit cannot be a competent *commissioner in that suit, would seem to be too clear for argument. However elevated the counsel may be, his feelings, and even his judgment, will be insensibly influenced by his position, his association and conversation with his client, his witnesses and his friends. No one expects the counsel to be disinterested. It is not desirable he should be so. His allegiance and his duty are to his client. He must give to the latter the best of his ability and his service. And therefore it is, in all the cases involving this question, it has ever been held that an attorney is incompetent to act as judge, juror, commissioner in chancery, or in any judicial capacity whatever, in a cause _ in which he is the counsel of one of the parties. In Ex parte Collins, 2 Va. Cases, 322, the general court was of opinion that the duties of clerk of a superior court and of counsel and attorney in the same court are incompatible with each other, and that they interfere so much, one with the other, that there is danger lest they might not both be executed with impartiality and honestly. The cases of Brown v. Byrne, Walker’s Ch. R. Mich. 453; Stebbins v. Brown, 65 Barb. R. 272; White v. Haffater, 27 Illi. R. 349; Wilkinson v. Vorce, 41 Barb. R. 373; Spinks v. Davis, 32 Miss. R. 152; Commonwealth v. Gibbs, 4 Gray R. 146; Anonymous, Tay & Cowp., page 5, are directly in point.
Is there anything in the present case which takes it out of the operation of these rules? We have affidavits on one side and affidavits on the other. How are we to decide between them? Which is to be accepted as correct? This very contention demonstrates the wisdom of the rule which excludes counsel from acting in such cases.
No person acquainted with Mr. Baskerville will hesitate to accord to him a character above reproach or suspicion. And there is no reason to doubt that he *acted in what he believed to be the conscientious and honest discharge of his duty. But we cannot act upon any consideration of that sort. We must apply to him the same rules applied to all others. The incompetency of an attorney in such cases does not depend upon his having fixed opinions, or upon the payment of contingent fees. It is his office, his duties, his obligation and relation to his client that disqualify him from acting in any judicial capacity whatever in the cause in which that client is concerned. No other rule would protect the officer from the influence of temptation, irresistible to many men, and dangerous to all; and no other rule will shield the administration of justice from suspicion of infirmity, _ derogatory to the courts and demoralizing to the community. For Lhese reasons, and not because we have any suspicion that the commissioner was guilty of any partiality in taking the account, we are of opinion that both the county and circuit courts erred in not sustaining the de-i fendant’s exception to Mr. Baskerville as a ¡ competent commissioner in this case; and } that neither the account nor the depositions ] taken by him can be considered by the court in determining this case.
The counsel for the complainants seem to think, however, that after discarding both depositions and account, there is still enough in the record to sustain the decree. We cannot concur in this view. It would, perhaps, be premature to express any opinion upon _ the merits. It is certain that the exhibits filed are not sufficient without the evidence of the witnesses to establish the purchase with joint funds, as alleged in the bill. We are therefore of opinion, that the decree of the circuit court must be reversed; all the depositions and the account taken by Mr. Baskerville suppressed, and the case remanded to the circuit court for further proceedings under the decree of July, 1872.
*The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred ill overruling the appellants’ first exception to Commissioner Baskerville’s report, that exception being based upon the ground that the said commissioner “had been the active counsel of the complainants in the suit; the bill, amended bill and answer of P. H. Bowers being wholly in the handwriting of said' commissioner, and he being marked as counsel on said bill, &c.; and there being two other commissioners in chancery of the county court who were, and still are, acting as such.” The court therefore, without passing upon the merits of the case, doth adjudge, order and decree, that the decree of the circuit court be reversed and annulled, and that the appellees pay, &c.
And this court, proceeding to render such decree as the circuit court ought to have rendered, doth adjudge, order and decree, that said report of Commissioner Basker-ville be set aside, and all the depositions taken by him be suppressed, and the case be recommitted to one of the commissioners of said circuit court, to take, state and settle the accounts in conformity with the decree-of the July term, 1871, of the county court of Mecklenburg. And the cause is re *580 manded to the said circuit court to be further proceeded with in accordance with the views herein expressed.
Decree reversed.

Commissioner’s Reports — Weight Riven. —In Stuart, Palmer & Co. v. Hendricks, 80 Va. 601, the following quotation from the principal case is approved, “When a question of fact is referred to a commissioner, depending upon tho testimony of witnesses conflicting in their statements and differing in their recollection, the court must, of necessity, adopt his report, unless in a case of palpable error or mistake.” Many subsequent cases approve this rule. Porter v. Young, 85 Va. 54; Magarity v. Shipman, 82 Va. 784; Robinson v. Allen, 85 Va. 727; Jones v. Degge, 84 Va. 690; Stimpson v. Bishop, 82 Va. 190; Moore v. Butler, 90 Va. 685; Magarity v. Succop, 90 Va. 563. Tn Armentrout v. Shafer, 89 Va. 569, it was held, that neither the principal case nor any of the subsequent cases were authority for the conclusiveness of the commissioner’s report in a case where a decedent’s estate having been referred to a commissioner for settlement, the commissioner rejects a claim on which a judgment had been obtained against the estate, there being no evidence that such claim has ever been paid. See especially, Shipman v. Fletcher, 91 Va. 473, where the whole question of the weight to be given commissioner’s report is discussed, and where the principal case is reviewed at length. See also, Clinch River Mineral Co. v. Harrison, 91 Va. 132.